**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 13 2013, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SEDRICK J. GRANDBERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A03-1209-CR-410 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1205-FD-681

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

After a jury trial, Sedrick J. Grandberry was convicted of Criminal Trespass,[1] a class D felony. The trial court sentenced him to two and one-half years of incarceration. Grandberry contends that this sentence is inappropriate in light of the nature of the offense and his character. In light of Grandberry's lengthy criminal history and obvious disdain for the criminal justice system, we affirm the judgment of the trial court.

FACTS

On May 13, 2012, the Fort Wayne Police Department received multiple calls from tenants at the Arbors of Southtown stating that Grandberry "was outside going from building to building possibly armed with a gun." Trial Tr. p. 115. Although officers were initially unable to locate Grandberry, shortly thereafter they observed Grandberry and a female companion exit one of the buildings on the property and walk toward Decatur Road. Officers approached Grandberry while he was walking along Decatur Road. After Grandberry identified himself, the officers learned that he had been banned from the Arbors of Southtown in 2010. Grandberry was arrested for criminal trespass and public intoxication. No handgun was found on Grandberry's person.

At Grandberry's trial on August 22, 2012, the jury found him guilty of criminal trespass but not guilty of public intoxication. Grandberry stipulated to a past conviction for criminal trespass, which elevated his present conviction to a class D felony.

At the sentencing hearing, the evidence showed that Grandberry has a lengthy criminal record, which includes seven juvenile adjudications and convictions for six

---

[1] Ind. Code § 35-43-2-2.

misdemeanors and eleven felonies. Grandberry's criminal history includes a felony conviction for robbery and multiple felony convictions for battery, resisting law enforcement, and various drug offenses. Less than a year prior to the instant offense, Grandberry was convicted of criminal trespass as a class A misdemeanor against the same victim. Grandberry was also on probation when he committed the instant offense.

The trial court sentenced Grandberry to an executed term of two and one-half years in the Department of Correction. Grandberry now appeals.

## DISCUSSION AND DECISION

Grandberry asks that we revise his sentence pursuant to Indiana Appellate Rule 7(B), which allows an appellate court to revise a criminal sentence when it is "inappropriate in light of the nature of the offense and the character of the offender." Grandberry bears the burden of convincing us that his sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Here, Grandberry's numerous juvenile adjudications and convictions, many for resisting law enforcement, indicate that Grandberry has no respect for the legal system designed to protect citizens or for the rights of others. PSI p. 4-8. Indeed, Grandberry already has one conviction for criminal trespass on this same property, and he committed the instant offense while on probation. Ex. 27; Sentencing Tr. p. 13. Thus, we decline Grandberry's invitation to revise his two and one-half year sentence.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.

3